IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, | No. CIV S-11-0217-FCD-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CHRIS DAGE, et al., | |
| Defendants. | |
| _____ / | |

  Plaintiff, who is proceeding pro se, brings this civil action alleging, among other things, violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., as well as violations of his civil rights under 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1  from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and
2  1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must
3  dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject
4  matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma
5  pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h),
6  the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Starbuck's Corporation; Chris Dage, a Starbuck's regional manager; Chris Westergaard, a Starbuck's employee; Kelly Ann Troehler, a Starbuck's district manager; James Troehler, an official with the Tehama County Fire Department; City of Redding; Peter Hansen, the chief of police for the Redding Police Department; Jonathan Sheldon, a police officer for the Redding Police Department; and Will Williams, a police officer for the Redding Police Department.

Plaintiff alleges that, on January 23, 2009, he was asked to leave the Starbuck's store on South Bonnyview Road in Redding because defendant K. Troehler "didn't like Plaintiff's 'crooked face' and 'crooked mustache.'"  Plaintiff states that he was born with a cleft lip and palate "resulting in a significant nasal deformity and facial disfigurement."  According to plaintiff, K. Troehler only approached him after defendant Williams – who happened to also be in the Starbuck's store at the time and against whom plaintiff "was in the process of filing a civil rights lawsuit" – told K. Troehler who plaintiff was.  After plaintiff argued with K. Troehler about whether she had the right to tell plaintiff to leave, K. Troehler called the police.  According to plaintiff, he left the store before the police arrived, but was detained by defendant Sheldon along the side of Eastside Road.  Plaintiff states that he was informed by Sheldon that he would be arrested for trespassing if he returned to the South Bonnyview Road Starbuck's store. Plaintiff then argued with Sheldon about whether K. Troehler could legally tell plaintiff to leave

the Starbuck's store.

Plaintiff states that, following this incident, he ". . . made numerous complaints to Starbuck's management by letter, e-mail, and telephone regarding the unlawful actions of defendant K. Troehler in the hope of management correcting the actions of defendant Kelly Troehler."  Plaintiff claims that, on January 26, 2009, he received a telephone call from defendant Westergaard who told plaintiff that he was "excluded" from all Starbuck's stores. After plaintiff told Westergaard that such an exclusion violated the law, Westergaard hung up. According to plaintiff, Starbuck's sent him an exclusion notice on January 28, 2009.  This notice informed plaintiff that he was permanently banned from all Starbuck's locations world-wide. The notice warned that violation of the ban would result in arrest and civil prosecution.  Plaintiff claims that "defendant Dage . . . ratified the actions of defendants K. Troehler and Westergaard."

Next, plaintiff states that he filed a civil rights lawsuit in federal court against defendant Williams on February 20, 2009, alleging civil rights violations unrelated to the Starbuck's incident.[1]  Plaintiff then filed a lawsuit in state court against Starbuck's, Kelly, Troehler, "and others" alleging violations of the Americans with Disabilities Act ("ADA"). According to plaintiff, that action was "erroneously dismissed in its entirety by a deputy clerk of the Superior Court of Shasta County on July 17, 2009."  Plaintiff states that on April 15, 2009 – just a few days after being served with the state court action – defendant K. Troehler filed an application for a restraining order against plaintiff.  Plaintiff alleges that this was done in retaliation for his having to file a lawsuit against K. Troehler.  As to defendant J. Troehler, who plaintiff alleges is K. Troehler's husband and an official with Tehama County, plaintiff claims that "L. Troehler assisted, aided, and abetted defendant K. Troehler in filing said retaliatory [restraining order] by committing the overt act of picking up necessary court documents from the office of the Shasta County Superior Court's civil clerk, and transporting them to defendant K.

---

[1] That action is currently pending as case no. CIV-S-09-0497-MCE-CMK.

Troehler."

Returning to defendant Williams, plaintiff next claims that, "[o]n either April 20th or April 21st," Williams came to plaintiff's home in uniform and served him with a temporary restraining order. While at plaintiff's home, defendant Williams commented that the registration tags on plaintiff's vehicle had expired (which plaintiff claims was not true), and demanded to see plaintiff's registration. According to plaintiff, defendant Williams' duties did not include serving restraining orders and that he only did so, and then commented on the registration issue, "in an effort to intimidate Mr. Burns into dropping his lawsuit against defendants K. Troehler and Williams. . . ."

As to defendant Sheldon, plaintiff claims that "[t]he acts of defendants Sheldon and Williams described above deprived Mr. Burns of his rights under the laws and Constitution of the United States." As to defendants Hansen and City of Redding, plaintiff claims that they are liable based on failure to adequately train Williams and presumably Sheldon.

Plaintiff asserts a total of nineteen claims for relief. Of those, the following are based on alleged violations of federal law:

| | |
|---|---|
| 1st Claim | Violation of the ADA, Title III (against defendants K. Troehler, Westergaard, and Dage). |
| 3rd Claim | Violation of the ADA (against defendant Starbuck's Corporation). |
| 5th Claim | Violation of the ADA and 42 U.S.C. § 1983 (against defendant Sheldon). |
| 12th Claim | Violation of 42 U.S.C. § 1983 (against defendants City of Redding and Hansen). |
| 13th Claim | Violation of 42 U.S.C. § 1983 (against defendant Williams). |
| 14th Claim | Violation of the ADA, Section V (against defendants K. Troehler, J. Troehler, and Williams). |
| 16th Claim | Violation of the ADA, Section V (against defendant Starbuck's Corporation). |

///

Plaintiff's remaining claims are based on alleged violations of state law and, as such, jurisdiction would be supplemental to the court's jurisdiction over any cognizable federal claims.

## II.  DISCUSSION

Plaintiff's federal claims fall into two categories: (1) claims alleging violations of the ADA; and (2) claims alleging violations of 42 U.S.C. § 1983.

### A.  ADA Claims

Under the ADA, individuals with disabilities are guaranteed certain protections. The term "disability" with respect to an individual is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).  Here, plaintiff states that he was born with a cleft lip and palate "resulting in a significant nasal deformity and facial disfigurement."  Plaintiff has not, however, alleged how this condition "substantially limits one or more major life activities."  Unless plaintiff can allege such facts he is not entitled to relief under the ADA.[2]  Plaintiff will be provided an opportunity to amend to state additional facts regarding his condition and how it limits his life activities, if at all.

### B.  § 1983 Claims

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 against the following defendants: Sheldon (5th Claim), Hansen and City of Redding (12th Claim), and Williams (13th Claim).  Sheldon and Williams are alleged to have actually participated in violating plaintiff's constitutional rights.  Liability is asserted against Hansen and City of Redding based on the theory that they failed to adequately train Sheldon and Williams.

/ / /

/ / /

---

[2]  This is not to say that plaintiff's ADA claims might not also suffer from other defects even if plaintiff can allege a substantial limitation of one or more major life activities.

5

1. <u>Sheldon and Williams</u>

Plaintiff claims that, in retaliation for having filed a lawsuit against Williams in the past, Williams improperly encouraged Starbuck's employee K. Troehler to tell plaintiff to leave the store. Plaintiff also claims that Williams harassed him in April 2009 while serving a temporary restraining order. Plaintiff alleges this harassment was in retaliation for having filed lawsuits against Williams. Plaintiff claims that Sheldon detained him by the side of the road after he voluntarily left the Starbuck's store. According to plaintiff, Sheldon informed him that he would be arrested if he went back to the Starbuck's store and plaintiff argued with the officer about whether that was legal or not.

Turning first to Sheldon, and accepting the alleged facts as true, the court cannot discern any federal constitutional violation. Plaintiff claims that Sheldon stopped him by the side of the road in response to the Starbuck's incident and informed him that he would be arrested for trespassing should he return. These facts simply do not suggest an actionable claim. Defendant Sheldon should be dismissed.

As to Williams, the court finds that plaintiff appears to state a cognizable claim based on retaliation.

2. <u>Hansen</u>

Any § 1983 claim against defendant Hansen necessarily proceeds on a theory of supervisor liability. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See <u>id.</u> The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). When a

defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

In this case, it is clear that plaintiff assigns responsibility to Hansen as a supervisor under a theory of respondeat superior. Specifically, plaintiff does not allege any particular conduct by Hansen which caused or contributed to a constitutional violation. Absent some affirmative act of his own, Hansen cannot be liable under § 1983 for the conduct of either Sheldon or Williams. Given that plaintiff's only claim against Hansen is that he is responsible for the conduct of his subordinates, and because it is clear based on the other allegations in the complaint that only Sheldon and Williams had any actual official contact with plaintiff, it does not appear that plaintiff can allege any facts in an amended complaint such as would state a prima facie § 1983 claim against Hansen. Hansen should be dismissed with prejudice.

      3.    <u>City of Redding</u>

Any § 1983 claim against defendant City of Redding necessarily proceeds on a theory of municipal liability. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert

municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Here, plaintiff alleges that the City of Redding is liable under § 1983 for failing to adequately train Sheldon and Williams. Plaintiff does not allege any official policy, custom, or practice on the part of the City of Redding which was the moving force behind any constitutional violation. To survive screening, plaintiff would have to allege – at a minimum – that it was the City of Redding's official policy, custom, or practice to inadequately train its police officers. Absent such an allegation, plaintiff cannot proceed against the City of Redding. In the unlikely event that plaintiff can in good faith plead such an official policy, custom, or practice, the court will provide plaintiff an opportunity to amend the complaint.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

///

1       Because the complaint appears to otherwise state cognizable claims, if no
2  amended complaint is filed within the time allowed therefor, the court will issue findings and
3  recommendations that the claims identified herein as defective be dismissed, as well as such
4  further orders as are necessary for service of process as to the cognizable claims.
5       Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended
6  complaint within 30 days of the date of service of this order.

 DATED: February 2, 2011

                                      _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE