**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DWAYNE B. BURNS,                                   No. CIV S-11-0217-FCD-CMK

    Plaintiff,

  vs.                                                                  ORDER

CHRIS DAGE, et al.,

    Defendants.

                                /

        Plaintiff, who is proceeding pro se, brings this civil action alleging, among other things, violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., as well as violations of his civil rights under 42 U.S.C. § 1983.  Pending before the court is "Plaintiff's Ex Parte Response to Order Dated February 2, 2011" (Doc. 4)  The referenced order is an order issued by the Magistrate Judge on February 3, 2011, addressing the sufficiency of the complaint as required by law because plaintiff was granted in forma pauperis status.  The court will construe plaintiff's filing as a motion for reconsideration of the Magistrate Judge's February 3, 2011, order.

/ / /

/ / /

1         Pursuant to Eastern District of California Local Rule 303(f), a Magistrate Judge's
2 order shall be upheld unless "clearly erroneous or contrary to law."  Upon review of the entire
3 file, and for the reasons outlined below, the court finds that it does not appear that the Magistrate
4 Judge's ruling was clearly erroneous or contrary to law.
5         In the screening order, the Magistrate Judge concluded that plaintiff has not stated
6 a claim for violation of the ADA because he has not alleged how his cleft lip and palate
7 "substantially limits one or more major life activities."  See 42 U.S.C. § 12102(1)(A).  Plaintiff
8 states in his response that his ADA claim arises under § 12102(a)(C), which provides that a
9 person is "disabled" if he is "regarded as having such an impairment."  Under § 12102(3), a
10 person is regarded as having a disability if he can establish that he has been subjected to an
11 action prohibited under the ADA because of an actual or perceived physical or mental
12 impairment, whether or not the impairment limits, or is perceived to limit, a major life activity.
13 Essentially, plaintiff claims that he can proceed under the ADA because he has a physical
14 impairment – cleft lip and palate – that substantially limits major life activities due to the
15 attitudes of others towards such impairment.  However, notwithstanding plaintiff's objections,
16 the fact remains that plaintiff has not alleged facts in the complaint sufficient to show that
17 defendants acted in such a way to limit his major life activities.
18         Plaintiff also challenges the Magistrate Judge's analysis of his claims that
19 defendants violated his rights under 42 U.S.C. § 1983.  Specifically, he challenges the court's
20 discussion of his § 1983 claims against defendants City of Redding, Chief of Police Peter
21 Hansen, and Officer Jonathan Sheldon.  As to the City of Redding, the court concluded that
22 plaintiff should be provided the opportunity to amend the complaint to allege that some official
23 policy, custom, or practice was the moving force behind the violation of plaintiff's civil rights.
24 The court agrees with the Magistrate Judge.  Plaintiff must allege sufficient facts of a policy,
25 practice, or custom that caused the alleged constitutional violations in this case.
26 ///

As to Hansen, plaintiff contends that Hansen is liable under a failure-to-train theory. In particular, plaintiff states in his response to the screening order that the failure of Hansen to adequately train his subordinates led to the violations committed by other defendants under his supervision. However, plaintiff has failed to allege a causal connection between defendant's actions and the constitutional violations at issue. Accordingly, plaintiff has failed to state a claim for supervisory liability. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

Plaintiff also contends in his response that Sheldon detained him without reasonable suspicion. Plaintiff, however, alleges in the complaint that Sheldon stopped plaintiff in response to a complaint of criminal activity made to police by the Starbuck's manager. On it's face, then, the complaint alleges that Sheldon had reasonable suspicion to stop plaintiff.

Finally, plaintiff appears to challenge the court's analysis with respect to defendant Williams. Such a challenge would seem misplaced, however, given that the Magistrate Judge concluded that the complaint states a cognizable claim against Williams.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration (Doc. 4) is denied;

2. The Magistrate Judge's February 3, 2011, order is affirmed;

3. Plaintiff may file an amended complaint within 30 days of the date of this order; and

4. No further motions for reconsideration of the February 3, 2011, order will be considered.

DATED: June 29, 2011.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE