IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, | No. CIV S-11-0217-FCD-CMK |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| CHRIS DAGE, et al., | |
|     Defendants. | |
|                         / | |

      Plaintiff, who is proceeding pro se, brings this civil action alleging, among other things, violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., as well as violations of his civil rights under 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

On February 3, 2011, the court issued an order addressing plaintiff's complaint.[1] The court first observed that plaintiff raises the following federal claims:

| | | |
|---|---|---|
| 1st Claim | | Violation of the ADA, Title III (against defendants K. Troehler, Westergaard, and Dage). |
| 3rd Claim | | Violation of the ADA (against defendant Starbuck's Corporation). |
| 5th Claim | | Violation of the ADA and 42 U.S.C. § 1983 (against defendant Sheldon). |
| 12th Claim | | Violation of 42 U.S.C. § 1983 (against defendants City of Redding and Hansen). |
| 13th Claim | | Violation of 42 U.S.C. § 1983 (against defendant Williams). |
| 14th Claim | | Violation of the ADA, Section V (against defendants K. Troehler, J. Troehler, and Williams). |
| 16th Claim | | Violation of the ADA, Section V (against defendant Starbuck's Corporation). |

The court next noted that plaintiff's federal claims fall into two categories: (1) claims alleging violations of the ADA; and (2) claims alleging violations of 42 U.S.C. § 1983. As to plaintiff's ADA claims, the court granted plaintiff leave to amend in order to allege facts sufficient to show that plaintiff is under a "disability" as that word is used in the statute. See 42 U.S.C. § 12102(1)(A). In particular, plaintiff had not alleged in the original complaint how his cleft lip and palate "substantially limits one or more major life functions."

---

[1] Plaintiff's allegations were summarized in that order and are not repeated here.

2

1   Turning next to plaintiff's § 1983 claims, the court stated:

2   Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 against the following defendants: Sheldon (5th Claim), Hansen and City of Redding (12th Claim), and Williams (13th Claim). Sheldon and Williams are alleged to have actually participated in violated plaintiff's constitutional rights. Liability is asserted against Hansen and City of Redding based on the theory that they failed to adequately train Sheldon and Williams.

As to Sheldon, the court stated that no federal constitutional violation could be discerned from plaintiff's allegations. Specifically, the court observed:

. . . Plaintiff claims that Sheldon stopped him by the side of the road in response to the Starbuck's incident and informed him that he would be arrested for trespassing should he return. These facts simply do not suggest an actionable claim. Defendant Sheldon should be dismissed.

As to Hansen – who is a supervisory defendant – the court concluded that the complaint could not state a claim because liability is alleged based solely under a theory of respondeat superior with no allegations of defendant Hansen's personal involvement. As to defendant City of Redding, the court granted plaintiff leave to amend to allege facts sufficient to show municipal liability. The court concluded that the complaint appears to state a cognizable § 1983 claim against Williams based on retaliation.

Rather than filing an amended complaint, plaintiff sought reconsideration by the District Judge of the court's February 3, 2011, order. On June 30, 2011, the District Judge affirmed the February 3, 2011, order in full and provided plaintiff an opportunity to file an amended complaint within 30 days. To date, more than 30 days have passed and plaintiff has not filed an amended complaint. Therefore, for the reasons set forth in the court's February 3, 2011, order, the court now recommends dismissal of all claims and defendant except plaintiff's § 1983 claim against Williams based on retaliation.[2]

---

[2] The court does not recommend exercising supplemental jurisdiction over any of the state law claims because, with the exception of plaintiff's 19th Claim, they do not relate to allegations against Williams. As to the 19th Claim – alleging civil conspiracy – the court finds that facts setting forth the potentially actionable conduct (i.e., retaliation in violation of § 1983)

3

1    Based on the foregoing, the undersigned recommends that all claims and
defendants be dismissed <u>except</u> plaintiff's § 1983 claim against defendant Williams based on retaliation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2011

　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

do not plausibly suggest a conspiracy.

4