1

2

3

4

5

6

7

8                         **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DWAYNE B. BURNS,                          No. CIV S-11-0217-KJM-CMK

12              Plaintiff,

13        vs.                                   ORDER

14    WILLIAMS,

15              Defendant.

16    _____/

17            Plaintiff, who is proceeding pro se, brings this civil action alleging, among other

18    things, violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., as

19    well as violations of his civil rights under 42 U.S.C. § 1983. Pending before the court is

20    plaintiff's complaint (Doc. 1).

21            The court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23    § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

24    granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening

25    provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

26    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1

1   from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

2   1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

3   dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject

4   matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma

5   pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h),

6   the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

7            As outlined in the court's August 15, 2011, findings and recommendations and

8   March 26, 2012, order, the complaint states a cognizable § 1983 claim against defendant

9   Williams based on retaliation.  The court concludes that it has subject matter jurisdiction and that

10  the complaint is appropriate for service by the United States Marshal without pre-payment of

11  costs.  If plaintiff desires service of process by the United States Marshal  without pre-payment of

12  costs, plaintiff must comply with the requirements outlined below.  Plaintiff is warned that

13  failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil

14  Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply

15  with court rules and orders.  See Local Rule 110.

16           Accordingly, IT IS HEREBY ORDERED that:

17           1.      The Clerk of the Court shall issue a summons in a civil case, the

18  undersigned's new case documents, and an order setting this matter for an initial scheduling

19  conference;

20           2.      The Clerk of the Court shall send plaintiff the summons, one USM-285

21  form, and a copy of the complaint;

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

3.      Within 15 days from the date of this order, plaintiff shall complete the summons by indicating the addresses of the named defendants and shall submit to the United States Marshal at the address indicated below the following documents:

        a.      The completed summons;

        b.      One completed USM-285 form for each named defendant;

        c.      Two copies of the complaint; and

        d.      One copy of the court's initial scheduling conference order issued herewith;

4.      Within 20 days of the date of this order, plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

5.      If plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the defendants at the addresses provided by plaintiff; and

6.      The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

DATED:  April 30, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE